**MING ZHU CHE, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–0320–ag.

United States Court of Appeals,
Second Circuit.

Oct. 26, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General and former Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, John D. Williams, Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Ming Zhu Che, a native and citizen of China, seeks review of a December 29, 2006 order of the BIA affirming the July 21, 2005 decision of Immigration Judge ("IJ") Joanna M. Bukszpan pretermitting petitioner's application for asylum and denying petitioner's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Che*, No. A 96 336 087 (B.I.A. Dec. 29, 2006), *aff'g* No. A 96 336 087 (Immig. Ct. N.Y. City July 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision but not all of the IJ's supporting reasoning, this Court reviews the IJ's decision as modified by the BIA decision, minus any arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v.*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400–01, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, the government argues that we are without jurisdiction to consider Che's asylum claim. We need not decide this issue because, even assuming we have jurisdiction, Che's asylum claim is without merit. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004) (asserting "hypothetical jurisdiction").

■ To be eligible for asylum, Che must prove that she suffered past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1158(b); *Gao v. Gonzales,* 424 F.3d 122, 127 (2d Cir.2005). Che complains that she suffered economic persecution and that she would suffer future persecution on account of her membership in a particular social group. These arguments were not raised to the Board, however, and we decline, in our discretion, to consider them here since they were not properly presented below.

*See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007) (noting that "[e]ven if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue").

■ The only bases for relief that might be deemed properly exhausted before the agency were Che's claims based on her mother's sterilization and her own fear of required gynecological exams. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 296–97 (2d Cir.2006) (finding that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court). The agency reasonably found that Che did not establish that she had suffered past persecution or had a well-founded fear of future persecution on these bases. It is well-settled that the "children of those directly victimized by coercive family planning policies" are not *per se* eligible for asylum. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). Additionally, the agency reasonably found that Che failed to show "that she has been harmed in any way" in the past or to establish that the gynecological exams she claims to fear are performed in such a manner as to constitute persecution.

To be eligible for withholding of removal or relief under the CAT, the petitioner must establish that it is more likely than not that she would be persecuted or tortured if returned. 8 C.F.R. § 208.16(b)(1); 8 C.F.R. § 1208.18. Where, as here, a petitioner has failed to establish her eligibility for asylum, it necessarily follows that she is unable to meet the more stringent standard for withholding of removal.[2] *See*

---

**2.** To the extent that Che argues for withholding based on alleged past economic persecution and feared future persecution on account

of her membership in a particular social group, we may not consider these claims since they were not presented to the BIA and

*Yang v. Gonzales,* 478 F.3d 133, 141 (2d Cir.2007); *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Similarly, because Che's CAT claim is based on the same factual predicate as her unsuccessful asylum claim, she is necessarily unable to meet her burden for CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Che's motion for a stay of removal in this petition is DISMISSED as moot.

the Government has invoked the issue exhaustion doctrine. *Zhong,* 480 F.3d at 107 n. 1 & 115.

